

# The Attorney General of Texas

November 4, 1981

**MARK WHITE**
Attorney General

OVERRULES IN PART BY JM-314

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable W. J. Estelle, Jr.
Director
Texas Department of Corrections
P. O. Box 99
Huntsville, Texas   77340

Opinion No. MW-382

Re:  Classification of inmates
as state approved trusties

Dear Mr. Estelle:

You have asked our opinion concerning the authority of the Texas Department of Corrections to classify certain inmates as trusties. Your first question is:

> Does the Texas Department of Corrections have the discretion to classify an inmate who has served a portion of the Texas sentence in the actual custody of federal authorities, another state's penitentiary or a jail, as a state approved trusty?

Article 6184a, V.T.C.S., provides in pertinent part:

> Any person serving a prison sentence of one or more years in the Texas State Penitentiary, who has a good prison record may be appointed a trusty after he shall have served three months in the ranks, and not before....

Article 6184a, V.T.C.S., permits the appointment of an inmate as trusty only after he has served three months "in the ranks." In our opinion, service in the ranks refers to time spent as an inmate in one of the classifications established by article 6181-1, V.T.C.S. Inmates are classified according to conduct as soon as practicable after they reach the prison. The statute providing for the appointment of trusties was enacted after the statute requiring classification of prisoners and apparently in reference to it. See Acts 1925, 39th Leg., ch. 19, at 46; Acts 1910, 31st Leg., 4th C.S., ch. 10, §33, at 151.

Article 6184a, in our opinion, permits the appointment of an inmate as trusty only after he has served three months in the actual custody of the prison. Thus, time served in the actual custody of

federal authorities, another state's penitentiary or a jail would not count toward his three months service "in the ranks."

You next ask the following question:

> Does the Texas Department of Corrections have the discretion to classify an inmate who is a parole violator or mandatory supervision returnee as a state approved trusty retroactively for the period of incarceration prior to his release on parole or mandatory supervision?

We are of the opinion that the Texas Board of Corrections does not have the discretion to classify an inmate who is a parole violator or mandatory supervision returnee as a state approved trusty until at least twelve months after the inmate's return to the Texas Department of Corrections.

Our opinion is based upon article 6184f, V.T.C.S., which states in part, "[w]henever a convict violates his trust or his conduct is such that he makes himself objectionable to the citizens of the community in which he is located...such convict shall not thereafter be eligible to appointment as a trusty for twelve months." We believe that a parole violator or returnee from mandatory supervision has conducted himself in an objectionable manner; if not, he would not have been returned to the Texas Department of Corrections. The inmate's return to the Texas Department of Corrections in itself could be construed as a violation of his trust and would fall within the purview of article 6184f, V.T.C.S.

## S U M M A R Y

> The Texas Board of Corrections may classify an inmate as a state approved trusty after he has served three months in the custody of the Texas Department of Corrections. The board's discretion in classifying an inmate as a trusty where the inmate is a parole violator or mandatory supervision returnee cannot be exercised within twelve months after the inmate's return to the Texas Department of Corrections.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood